IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | CR 07-0270-PHX-EHC |
|---|---|---|
|     Plaintiff-Respondent | )<br>) | CV 07-1164-PHX-EHC (ECV) |
| vs. | )<br>) | **REPORT AND RECOMMENDATION** |
| Luis Alberto Cab-Suarez, | )<br>) | |
|     Defendant-Movant. | )<br>) | |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Luis Alberto Cab-Suarez ("Movant"), has filed a *pro se* Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. #17. On March 1, 2007, Movant pleaded guilty to Count One of the Information, Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(1). Doc. #12. On May 21, 2007, Movant was sentenced to the custody of the Bureau of Prisons for 27 months followed by supervised release for 36 months. Id. After Movant filed his amended motion to vacate on August 13, 2007, the District Court Judge screened the motion in an order filed on August 30, 2007, and ordered the motion to be served upon Respondent. Doc. #18.

Movant identifies four grounds for relief in his motion, though the first three are variations of the same ineffective assistance of counsel claim. Movant alleges that his lawyer failed to do anything about his sentence. Movant claims that his lawyer told him the sentence

1   under the plea agreement would be four to six months but it turned out to be 27 months.

2   Movant further claims that his lawyer failed to give him a business card with his phone

3   number, failed to provide him with a copy of the plea agreement and did not know how to

4   answer his questions.  In ground four, Movant contends that his sentence exceeded the

5   statutory maximum by three months.  On October 25, 2007, Respondent filed a Response in

6   Opposition to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

7   Doc. #24.  Despite being informed in the screening order of the opportunity to file a reply,

8   Movant has not filed one.

9                                    **DISCUSSION**

10       Respondent argues in its response that Movant's claims are foreclosed by a waiver of

11   collateral review in the plea agreement.  Movant has not challenged the validity of the

12   waiver.  Alternatively, Respondent contends that Movant's claims fail on the merits.

13   **A.      Waiver**

14       Plea agreements are contractual in nature and their plain language will generally be

15   enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

16   398 F.3d 1149, 1153 (9th Cir. 2005), cert. denied, 126 S.Ct. 198 (2005).  A waiver of

17   appellate rights is enforceable if the language of the waiver encompasses the right to appeal

18   on the grounds raised and the waiver is knowingly and voluntarily made.  Id.  In addition to

19   a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255

20   action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431, 433 (9th

21   Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub

22   nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993).  A waiver of the right to bring

23   a § 2255 action likely would not include a claim that the waiver itself was involuntary or that

24   ineffective assistance of counsel rendered the plea involuntary.  See Pruitt, 32 F.3d at 433

25   (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously

26   induced a defendant to plead guilty or accept a particular part of the plea bargain).

27       Here, Movant's express waiver in his plea agreement stated in relevant part:

28

> Defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

Doc. #13 at 4.  Movant signed the plea agreement indicating that he understood and agreed to all of its terms and conditions.  Doc. #13 at 5-7.  In addition, based on Movant's responses to questions during the guilty plea proceeding, Magistrate Judge Irwin issued Findings and Recommendations in which he found that Movant understood he was waiving the right to an appeal or a collateral attack.  Doc. #8 at 2.  Judge Irwin further found that the guilty plea was knowingly and voluntarily made.  Id.  Additionally, during the sentencing hearing, the District Court found that Movant knowingly and voluntarily entered his guilty plea and waived his right to appeal.  Doc. #24, Exh. C at 15-17.

Movant does not address the waiver of appeal rights in his motion.  Moreover, he did not file a reply to address Respondent's assertion of the waiver defense.  The evidence in the record supports a finding that Movant understood the waiver and entered the plea knowing that he would not be permitted to appeal or collaterally attack his conviction and sentence.  The court will therefore recommend that the waiver be enforced and that Movant's claims be denied.  In an abundance of caution, however, the court will also address the merits of Movant's ineffective assistance claims because, arguably, they challenge the voluntariness of the plea, an issue that cannot be waived by a provision in the plea agreement.  See Pruitt, 32 F.3d at 433.

**B.    Ineffective Assistance of Counsel**

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a

1   reasonable probability that, but for counsel's unprofessional errors, the result of the

2   proceeding would have been different. Strickland, 466 U.S. at 687-88.  There is a strong

3   presumption that counsel's conduct falls within the wide range of reasonable assistance.

4   Strickland, 466 U.S. at 689-90.  The Strickland test also applies to challenges to guilty pleas

5   based on ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  A

6   defendant who pleads guilty based on the advice of counsel may attack the voluntary and

7   intelligent character of the guilty plea by showing that the advice he received from counsel

8   fell below the level of competence demanded of attorneys in criminal cases.  Id. at 56.  To

9   satisfy the second prong of the Strickland test, "the defendant must show that there is a

10   reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

11   would have insisted on going to trial." Id. at 59.

12        Movant contends that his lawyer provided ineffective assistance by failing to do

13   anything when the sentence exceeded what had agreed to.  Movant claims that he believed

14   he was entering an agreement that called for four to six months, and instead he received 27

15   months.   At the sentencing hearing, the District Court asked the prosecutor why one

16   provision in the plea agreement provides for an offense level of 24 and another provides for

17   an offense level of 12.  Doc. #24, Exh. C at 8-9.  The Court questioned the wisdom of

18   including a provision that suggested Movant could receive as little as four months when the

19   Government knew he would not get such a sentence.  Doc. #24, Exh. C at 10.  Movant's

20   lawyer agreed with the Court and explained that, based on the plea agreement, he told

21   Movant he would receive a sentence of six months.  Doc. #24, Exh. C at 11.  The lawyer

22   acknowledged that because Movant's prior conviction qualified as a crime of violence, the

23   range increased to 27 to 33 months.  Id.

24        Notwithstanding the discussion about whether a provision in the plea agreement

25   suggested a lower sentence than what Movant was likely to receive, the Court accepted the

26   plea and proceeded with sentencing.  The Court found that the guilty plea was knowingly and

27   voluntarily entered and it accepted the plea agreement.  Doc. #24, Exh. C at 16.

28

Movant has not demonstrated that his lawyer's performance with respect to the plea agreement was deficient. The lawyer provided Movant with his best estimate of the sentence Plaintiff would receive. The lawyer apparently believed that the probation officer would not find that Movant's prior conviction qualified as a crime of violence such that the offense level would be increased. Although the lawyer was mistaken, Movant has not demonstrated that his lawyer's performance fell below an objective standard of reasonableness. Even if the court concluded that the lawyer's estimate constituted deficient performance, Movant fails to claim that he would not have accepted the plea agreement and proceeded to trial absent his lawyer's alleged error. For these reasons, the court finds that Movant has failed to satisfy either prong of the Strickland standard.

With regard to the other allegations of ineffective assistance, Movant has not satisfied the Strickland standard. Movant claims that his lawyer failed to give him a business card with his phone number, failed to provide him with a copy of the plea agreement and could not answer his questions. Movant fails to demonstrate, or even allege, that absent these errors he would have rejected the plea agreement and proceeded to trial.

**C.     Conclusion**

For the foregoing reasons, the court finds that Movant's ineffective assistance of counsel claims in grounds one through three are waived by the express waiver of a § 2255 motion in the plea agreement. Additionally, the court finds that the claims are without merit. With respect to ground four, the court finds that the express waiver bars the claim contained therein. Accordingly, the court will recommend that the motion to vacate be denied.

**IT IS THEREFORE RECOMMENDED:**

That the Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #17) be **DENIED**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  <u>See</u> Fed. R. Civ. P. 72.

DATED this 3rd day of July, 2008.


_____
Edward C. Voss
United States Magistrate Judge